COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SELENA E. MOLINA
SENIOR MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

December 29, 2025

Arthur G. Connolly, III, Esquire
Jarrett W. Horowitz, Esquire
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801

John A. Sensing, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Brian Gottesman, Esquire
Gabel Beaver LLC
5811 Kennett Pike
Wilmington, DE 19807

> Re: *Justin Cornett v. Collectable Sports Assets, LLC*,
> C.A. No. 2024-1130-SEM

Dear Counsel:

I write regarding Collectable Sports Assets, LLC (the "Defendant")'s motion for relief (the "Motion") and the receiver's interim report (the "Report"). The Motion is denied and, herein, I answer the questions posed in the Report.

## I.     Background

For purposes of this letter decision, I provide only a brief background. Justin Cornett (the "Plaintiff") initiated this action on November 1, 2024, seeking a court-ordered production of certain demanded books and records of the Defendant, a Delaware LLC of which the Plaintiff is a member. Early in this action, the parties

stipulated to present this matter to me for a "final decision[,]" such that the parties "waive[d] the right to seek further judicial review of [my] decision at the trial level[,]" agreeing that my decision would be "subject to direct appeal to the Delaware Supreme Court[.]"[1]

This action was tried in April 2025 and I issued my post-trial decision in May 2025, holding that the Plaintiff was entitled to a court-ordered production of documents responsive to Requests 1 through 7, and 9, as defined and further explained in that report.[2] Notably, I found the Defendant had agreed to voluntarily produce records responsive to Requests 1-2 and 5-7 (the "Phase One Production") and I held the Defendant to that agreement. For Requests 3-4 and 9 (the "Phase Two Production"), I overruled the Defendant's objections and ordered production.

At my direction, the parties drafted and submitted a proposed final implementing order. In pertinent part, the proposed order set forth two stages for production. First, the Phase One Production would be completed with 10 days of the final order. Second, the Phase Two Production would be completed within 30 days of the final order. That second step was expressly subject to an appeal and the parties

---

[1] Docket Item ("D.I.") 35.

[2] D.I. 56.

agreed that the Phase Two Production deadline would be stayed pending resolution of any appeal. I granted the proposed order on June 11, 2025 (the "Final Order").

The Final Order triggered a few deadlines. The first was for the Phase One Production, which was due within 10 days, or by June 25, 2025.[3] The Defendant did not make the Phase One Production by that deadline. Then, within the same 30-day window, any party could appeal my decision, and the Defendant (absent timely appeal) was required to complete the Phase Two Production. On July 11, 2025, the final day within that 30-day window, the Defendant timely noticed an appeal, staying the Phase Two Production.

After that appeal, the Defendant's counsel moved to withdraw at this and the appellate level. Those motions were granted, and both courts warned the Defendant that it could not represent itself *pro se* and that there were serious consequences if it failed to secure successor counsel. The Defendant did not heed those warnings; the Supreme Court thus dismissed its appeal, and I ultimately held the Defendant in contempt, sanctioned it, and appointed the Receiver to take over production efforts.

That contempt and appointment are at issue in the Motion. Briefly, and as reflected on the docket, when the Defendant missed the June 25 deadline for the

---

[3] *See* Ct. Ch. R. 6 (a)(1)(B) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.").

Phase One Production, the Plaintiff moved for contempt and sanctions. I granted that motion on September 5, 2025. To coerce compliance, I began with a daily fine of $1,000.00, accruing from September 6, 2025 until production was complete or September 12, at the latest. In doing so, I effectively gave the Defendant an extended deadline, explaining: "This extended one-week deadline balances the Plaintiff's genuine interest in prompt production against the risk of imposing unnecessarily severe monetary sanctions or jumping too quickly to the extreme remedy of a receiver."

I went on to explain, however, "[i]f the Defendant does not rectify its contempt and produce the records by September 12, 2025, . . . I will be left with no other option." If the Phase One Production was still outstanding by that date (more than 2 months after the original deadline), I warned that I would appoint a receiver to take over the Defendant's production efforts. The Defendant did not complete the Phase One Production by September 12, and I appointed the Receiver on September 18, disregarding attempted filings from the Defendant's non-attorney controller.

## II.    The Motion

More than three months after its original counsel was permitted to withdraw, new counsel entered an appearance for the Defendant and has moved for relief. In the Motion, filed on October 27, 2025, the Defendant argues that my September 18

appointment of the Receiver was premised on a mistake of fact and should be rescinded because there was no need for a receiver to take over the Defendant's production efforts. Even accepting the Defendant's factual record, I disagree that relief is warranted. The Motion is denied.

The Defendant moves for relief under Court of Chancery Rule 60(b), which states in relevant part: "On motion and upon such terms as are just, the Court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason justifying relief from operation of the judgment." Ct. Ch. R. 60(b)(1), (6).

"There are two significant values implicated by Rule 60(b). The first is ensuring the integrity of the judicial process and the second, countervailing, consideration is the finality of judgments. Because of the significant interest in preserving the finality of judgments, Rule 60(b) motions are not to be taken lightly or easily granted. A proper standard must strike a balance between the interest in bringing litigation to an end and the countervailing concern that justice is carried out."[4] I attempt to strike that balance as I review both prongs of the Defendant's argument.

---

[4] *MCA, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 785 A.2d 625, 634–35 (Del. 2001).

First, the Defendant argues I made an "erroneous conclusion of fact" when I concluded the Phase One Production was not completed, and relying thereon, appointed the Receiver. In so arguing, the Defendant makes much of my decision to disregard the documents sent to the Court by the Defendant's non-attorney controller, arguing, it seems, that equity supported consideration then or reversal now. It does not.

I dispose of the appeal to equity first. The Defendant was warned multiple times that it could not represent itself in these, or the appellate, proceedings. It failed to heed those warnings and faced foreseeable consequences. To consider the agent's filings then or now would bless the Defendant's refusal to comply with court orders and Delaware law. Not only would that send the wrong message to agents of corporate entities appearing before this Court, but it would prejudice the Plaintiff.

Further, I did not make an "erroneous conclusion of fact" or mistake supporting relief under Rule 60(b)(1). The Phase One Production was not complete by the extended deadline; it was completed, per the Defendant, one day later. Thus, even if I accept the Defendant's representation that the September 13 production had everything required to complete the Phase One Production, that production was not timely and there was no mistake of fact when I concluded the Phase One Production was not completed by the deadline, and relying thereon, appointed the Receiver.

The Defendant's second avenue through which it seeks relief is Rule 60(b)(6) which allows this Court to grant relief for "any other reason justifying relief from operation of the judgment." Under Rule 60(b)(6), the Defendant argues that relief is warranted because the Phase One Production was made before the Receiver was appointed, mooting the need therefore and supporting relief now. This argument has some legs; if the Phase One Production is complete, then the Receiver need not duplicate efforts or complete unnecessary work. But there are two outstanding issues, which undermine the Defendant's request.

First, the Plaintiff noted by footnote in his opposition to the Motion that he "disagrees that [the Defendant]'s September 13 production satisfies its obligations with regard to the" Phase One Production. There appears, thus, to be a dispute of fact regarding whether the Phase One Production has been completed. That dispute undermines relief and requires the parties to meet and confer, join issue on the specific documents produced or missing, and report back. At a minimum, the Receiver could be a helpful intermediary in that exercise.

Second, once the Defendant's appeal was dismissed, the stay on its deadline to complete the Phase Two Production was lifted, yet production still has not been completed. The Phase Two Production was due within 30 days of the Final Order. On day 30, when one would expect collection efforts to be well underway to make

a timely production, the Defendant noticed its appeal, staying its deadline. When its appeal was dismissed on September 30, the stay was lifted. Under the Final Order, that meant one of two things, either (1) the Phase Two Production was immediately due because the Defendant waited the full 30 days to notice its appeal or (2) the Defendant had 30 days from dismissal to complete the Phase Two Production. Even under (2), the most generous interpretation to the Defendant, the Defendant should have completed the Phase Two Production by October 30, 2025. But, on the record before me, it appears the Phase Two Production remains incomplete; undermining the Defendant's representations that it should be relieved of the receivership order.

The Motion must be denied. Although I am hopeful that the Defendant's successor counsel will help bring the Defendant into compliance, the Defendant has failed to demonstrate that it should be relieved of the consequences of its earlier contempt. The Defendant is encouraged to continue steps in the right direction but is not entitled to relief under Rule 60.

## III.   The Receiver

Although I am denying the Motion, I agree with the Defendant that, if the Receiver's services are no longer necessary, the Receiver should be relieved of his obligations and released from his role. I can see this case moving in that direction, but it is not yet there.

For now, the Receiver will participate in the parties' meet and confer efforts about the sufficiency of the Phase One Production. I expect the parties to join issue on specific documents produced or not produced and to endeavor to resolve any disputes without further involvement of the Court or the Receiver. During their discussions, the parties shall also discuss the Phase Two Production. At a minimum, I expect the Defendant to provide a date certain for production and for the parties to address this issue in good faith, aiming to resolve the matter efficiently and avoid any unnecessary burden or expense.

I am requiring the Receiver to be part of these discussions for two primary purposes. First, to ensure the Receiver is up to speed if his services are needed to complete the Phase One Production or Phase Two Production. Second, to inform and provide for the Receiver's neutral assessment of the situation. During the parties' discussions, the Receiver may share insights or suggest compromises but is not required to do so. The Receiver will be compensated for his participation, as provided for in his appointment order. The same is true for any services rendered before this ruling. The Receiver's duties are otherwise stayed until further order. I trust this answers the Receiver's questions in the Report.

*     *     *

The parties shall report back via joint status report within 20 days. The Receiver is invited to join in that report or submit a separate report. The Receiver may also submit his quarterly petition for fees at his convenience.

IT IS SO ORDERED.

Respectfully,
/s/ *Selena E. Molina*
Senior Magistrate in Chancery